# Richardson *v.* Louisville & Nashville Railroad Co.

*Action against Railroad Company, as Common Carrier, for Lost Baggage.*

1. *Who may sue for lost baggage; wearing apparel of child.*—The wearing-apparel of an infant child being presumptively furnished by the husband and father, in the absence of proof to the contrary, he may maintain an action against a common carrier for its loss.

2. *Same; wearing-apparel of wife.*—The ordinary and necessary wearing-apparel of the wife, furnished by the husband with his own means, or bought by him on credit, does not constitute a part of her statutory estate, but is his property, and he may maintain an action against a common carrier for its loss; but, if bought with the wife's earnings, since the 28th February, 1887 (Code, §§ 2341–2, 2351), it is her separate property, and she alone can maintain an action for its loss.

APPEAL from the Circuit Court of Escambia.

Tried before the Hon. JOHN P. HUBBARD.

JAS. M. DAVISON, for appellant.

JONES & FALKNER, *contra.*

CLOPTON, J.—The action is brought by appellant, to recover for the loss of a trunk and its contents, which his wife delivered to defendant for transportation, incidental to her carriage as a passenger, from Milton, Florida, to Kirkland, Escambia county, Alabama. There is no controversy as to the delivery of the trunk to defendant, its loss, and the value of the trunk and its contents. The court gave the affirmative charge in favor of the defendant. The instruction is evidently rested on the theory, that, under the proof, the trunk and its contents were the statutory separate estate of the wife, for the loss of which she must sue alone, as provided by the statute.

The contents of the trunk consisted of wearing-apparel of the wife, and of an infant child. A part of the wife's apparel, as testified by the plaintiff, was purchased with money furnished by him, and a part with the proceeds of her own labor. There being an absence of evidence as to who furnished the child's clothes, the presumption is, that they were furnished by the father. For the loss of these, the plaintiff was entitled to recover; and for this reason, if for no other, the affirmative charge was improperly given. By the act of February 28, 1887, the earnings of the wife are her separate property.—Code, 1886, § 2342. Prior to this enactment, they belonged to the husband. Whether the plaintiff is entitled to recover for the loss of the articles purchased with the proceeds of the wife's labor, depends on the fact, whether the earnings accrued before or after the passage of the statute, as to which the evidence is silent.

At common law, certain incidents attach to the contract of marriage, among which is the duty of the husband to main-

VOL. LXXXV.

[Richardson v. Louisville & Nashville R. R. Co.]

tain his wife, and to supply her with wearing-apparel suitable to their social condition, and commensurate with his pecuniary circumstances.    The wearing-apparel of the wife, furnished by the husband, though intended for her personal and exclusive use, is none the less his property.    On this principle is based the necessity of the statutory exemptions, from levy and sale under execution, or other process for the collection of debt, of the proper wearing-apparel of the husband and family, and of the widow and minor children from administration.—Code, 1886, §§ 2511, 2545.    The question, then, is, has this rule of the common law been changed or abrogated by the act of February 28, 1887, creating and regulating the separate estates of married women?    Section 2341 of the Code of 1886 declares: "All the property of the wife, held by her previous to the marriage, or to which she may become entitled after the marriage in any manner, is the separate property of the wife."    The property which becomes her separate estate, is more particularly defined by section 2351, as "all property of the wife, whether acquired by descent or inheritance, or gift, devise or bequest, or by contract or conveyance, or by gift from a contract with the husband, excepting such property as may be conveyed to an active trustee for her benefit"—property, the ownership of which is acquired by the wife by some legal mode of transmission, or by operation of law.

The statutes make no reference in terms, or by fair implication, to the wearing-apparel of the wife, purchased during coverture on the credit of the husband, or with money furnished by him.    The husband provides clothing for his wife, in the discharge and performance of a marital duty, without any intention to make a gift as ordinarily or legally understood.    If he purchases jewels, or other personal ornaments, or even wearing-apparel, and makes an express gift thereof to his wife, independent of, and without reference to his marital duty, they undoubtedly would be her separate estate under the statute; also, if her wearing-apparel is purchased with money which is her separate estate.    But, merely providing ordinary and necessary clothing for the wife, in discharge of his duty growing out of the marital relation, does not constitute a gift from a contract with the husband, in the meaning of the statute.    His right of ownership of the clothing so provided remains as at common law.—*Hawkins v. Prov. & Wor. R. R. Co.*, 119 Mass. 596.

Reversed and remanded.